OPINION OF THE COURT
 

 Ciparick, J.
 

 Plaintiff physician commenced this action for breach of contract against defendant hospital seeking an order requiring the hospital to restore his staff privileges. Because we conclude that the Public Health Council must in these circumstances review plaintiff’s complaint before a court can order the restoration of his staff privileges, we affirm the dismissal of plaintiff’s cause of action for breach of contract.
 

 I.
 

 Plaintiff Dr. Bernard Gelbard, a board-certified anesthesiologist, was appointed to membership on the staff of The Genesee Hospital (TGH) in 1989. In March 1993, Dr. A. Kirk Bodary, the Chief of TGH’s Department of Anesthesiology, recommended that plaintiff not be reappointed to the hospital’s medical staff. In support of his recommendation, Dr. Bodary cited various incidents in which plaintiff allegedly engaged in unacceptable medical practices. Dr. Bodary’s recommendation prompted a series of hearings before ad hoc and review committees to determine what action, if any, the hospital should take regarding plaintiff’s staff privileges. These hearings culminated in a resolution of TGH’s Board of Governors terminating plaintiff’s medical staff privileges.
 

 Plaintiff thereafter commenced this action asserting three causes of action. The first cause of action, asserted against TGH, is for breach of contract based on TGH’s alleged violation of specific medical staff bylaws. Plaintiff does not seek monetary damages for the alleged breach of contract but rather seeks a permanent injunction requiring TGH to restore his staff privileges. The second and third causes of action, asserted against Dr. Bodary, seek damages for defamation and tortious interference with contract. Only the dismissal of the first cause of action is at issue here.
 

 By order to show cause, plaintiff sought a preliminary injunction restraining TGH from terminating his staff privileges.
 
 *695
 
 TGH cross-moved to dismiss the first cause of action on the ground that Supreme Court lacked subject matter jurisdiction because plaintiff had failed to exhaust his administrative remedy before the Public Health Council as required by the Public Health Law
 
 {see,
 
 Public Health Law § 2801-b). Supreme Court denied plaintiff’s motion for a preliminary injunction, finding that plaintiff had failed to demonstrate a likelihood of success on the merits, that the equities weighed, heavily in his favor or that he would suffer irreparable injury if TGH were permitted to terminate his staff privileges. Supreme Court also denied defendant’s cross motion to dismiss, concluding that because plaintiff’s claim was for breach of contract predicated on an alleged violation of specific medical bylaws, and not based on an "improper practice” within the meaning of Public Health Law § 2801-b, the administrative review requirement of section 2801-b did not apply.
 

 On appeal, the Appellate Division reversed Supreme Court’s denial of TGH’s cross motion to dismiss. The Appellate Division concluded that whether administrative review is required by the Public Health Law depends on the relief sought, not necessarily on the nature of the claim. "We believe it is best to establish a 'bright line’ rule that, if a physician seeks reinstatement of hospital privileges, the court is without jurisdiction to consider that issue until the Public Health Council reviews the matter and makes its findings, which constitute prima facie evidence of the facts found therein in any subsequent action”
 
 (Gelbard v Genesee Hosp.,
 
 211 AD2d 159, 165). This Court granted leave to appeal and we now affirm.
 

 II.
 

 At the time of the enactment of section 2801-b of the Public Health Law, a physician had no common-law right to contest the denial or termination of professional privileges and, absent a contractual right to the contrary, served strictly at the hospital’s pleasure
 
 (see, Leider v Beth Israel Hosp. Assn.,
 
 11 NY2d 205, 208-209). To mitigate the perceived harshness of this rule, the Legislature undertook to devise a limited avenue of recourse by which a physician could challenge a hospital’s denial or termination of staff privileges. The product of this effort was section 2801-b of the Public Health Law, which makes it an "improper practice” for a hospital to deny or terminate professional privileges for a reason unrelated to "patient care, patient welfare, the objectives of the institution or the character or competency of the applicant” (Public Health Law § 2801-b [1]).
 

 
 *696
 
 To enforce the statutory prohibition against improper practices, the Legislature created a two-step grievance process by which a physician may obtain injunctive relief requiring the hospital to restore wrongfully terminated staff privileges
 
 (see, Matter of Cohoes Mem. Hosp. v Department of Health, 48
 
 NY2d 583, 587;
 
 Guibor v Manhattan Eye, Ear & Throat Hosp.,
 
 46 NY2d 736, 738). First, the physician must submit a complaint to the Public Health Council (PHC), a committee composed of the State Commissioner of Health and 14 persons appointed by the Governor with the advice and consent of the Senate
 
 (see,
 
 Public Health Law § 220). After investigating the physician’s complaint, the PHC will either direct the hospital to reconsider its decision or inform the parties of its determination that the complaint lacks merit
 
 (see,
 
 Public Health Law § 2801-b [3]). Only upon completion of the PHC review may the physician proceed to the second step, which is to commence an action under section 2801-c to enjoin the hospital from improperly denying or terminating staff privileges
 
 (see, Guibor,
 
 46 NY2d, at 738,
 
 supra).
 
 In a section 2801-c injunction action, the PHC’s determination serves as prima facie evidence of the facts found therein
 
 (see,
 
 Public Health Law § 2801-c).
 

 The requirement of threshold PHC review serves the dual purpose of allowing an expert body to initially review the physician’s complaint and of promoting prelitigation resolution
 
 (see, Cohoes Mem. Hosp.,
 
 48 NY2d, at 589,
 
 supra).
 
 We conclude, in view of the statutory scheme and principles of exhaustion of administrative remedies, that both of these undeniably salutary purposes are advanced by interpreting the statute as mandating threshold PHC review in all cases in which a physician seeks injunctive relief to compel the restoration of staff privileges.
 

 A hospital’s decision to grant or deny staff privileges is based on specialized medical considerations involving notions of patient care, physician competence, and institutional welfare. Unlike the courts, which are generally untrained and inexperienced in these matters, the PHC is a body of medical experts dedicated to the review of complex medical care issues, including issues related to the grant or denial of hospital staff privileges
 
 (see generally,
 
 Public Health Law § 225). The requirement of threshold PHC review thus ensures that before a court orders the restoration of a physician’s staff privileges, the PHC has been afforded an opportunity to apply its special expertise to the issues involved
 
 (cf., Johnson v Nyack Hosp.,
 
 964 F2d 116, 121 [requiring PHC review before physician could assert
 
 *697
 
 antitrust claim to provide PHC opportunity to assess whether termination of staff privileges was medically justified]). This process assists judicial decision making in a subsequent court action because the PHC’s findings are entitled to prima facie effect (see, Public Health Law § 2801-c).
 

 Citing the potentially preclusive effect of the PHC’s determination, plaintiff contends that he will be prejudiced should the PHC determine that his complaint lacks merit (see, Public Health Law § 2801-b [4]). However, the PHC’s findings are accorded only presumptive, not conclusive, effect in sensible recognition of the PHC’s special competence over medical care issues. Thus, we conclude that the potential prejudice does not overcome the statutory purpose and benefits of allowing this expert body to make presumptive findings regarding alleged improper practices. This is particularly so where plaintiff has the initial opportunity to present his complaint and supporting proof to the PHC
 
 (see,
 
 Public Health Law § 2801-b [2], [3]) and the subsequent opportunity to demonstrate to a court why an adverse determination by the PHC is erroneous
 
 (see,
 
 Public Health Law § 2801-c).
 

 Even though plaintiff in this case asserts a claim for breach of contract, the fact that he seeks injunctive relief to restore his staff privileges places him squarely within the intended scope of the statute. Were plaintiff permitted to bypass threshold PHC review simply by asserting a breach of contract claim, the carefully calibrated statutory progression within section 2801-b, with its insistence on PHC review before a court can order the restoration of staff privileges, would be undermined
 
 (cf., Guibor v Manhattan Eye, Ear & Throat Hosp.,
 
 46 NY2d 736, 738,
 
 supra).
 
 The statutory requirement of threshold PHC review is too important to be circumvented by artful pleading.
 

 In addition, we have recognized the vital mediation role served by the PHC in providing "a professionally competent forum in which to resolve” disputes at an early stage
 
 (Matter of Cohoes Mem. Hosp. v Department of Health,
 
 48 NY2d 583, 589,
 
 supra).
 
 Under the conciliating professional influence of the PHC — an impartial third party with vast experience and unparalleled expertise in these cases — disputes between physician and hospital may be resolved expeditiously, avoiding costly and protracted litigation.
 

 Finally, we reject plaintiff’s argument that requiring threshold PHC review in this case would contravene section
 
 *698
 
 2801-b (4) of the Public Health Law, which provides that "[t]he provisions of this section shall not be deemed to impair or affect any other right or remedy.” We have held that requiring threshold PHC review does not impair or affect any right or remedy available to the physician, but "merely assures prompt investigation by the administrative body best able to assess the respective interests of the parties involved”
 
 (see, Guibor,
 
 46 NY2d, at 738,
 
 supra).
 
 The requirement of PHC review does not foreclose plaintiff from asserting any claims. Thus, regardless of the results of the PHC review, plaintiff is thereafter free to bring a section 2801-c injunction action or any other valid claim. Moreover, the courts are always open to plaintiff to litigate any claims not subject to the requirement of PHC review.
 

 In view of this analysis and because the issue was not raised in the courts below, we do not address whether a breach of contract action can be predicated on a violation of medical staff bylaws
 
 (compare, Leider v Beth Israel Hosp. Assn.,
 
 11 NY2d 205,
 
 supra, with Chalasani v Neuman,
 
 97 AD2d 806,
 
 revd on other grounds
 
 64 NY2d 879).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed, with costs.