■ DAVID BEATTIE, Appellant, v BROWN & WOOD, Respondent. [663 NYS2d 199] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 17, 1996, dismissing the complaint upon the basis of documentary evidence, among other reasons, unanimously affirmed, with costs.

Plaintiff client's allegation that he was not advised by defendant law firm that a settlement agreement, which he executed in an earlier action, withdrew his counterclaims in that action with prejudice, is flatly contradicted by the agreement itself. "Although on a motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference, where, as here, the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692; *see also, Wexler v Shea & Gould*, 211 AD2d 450). Since plaintiff was competent to execute the settlement agreement, and no fraud is alleged, he is responsible for his signature and is bound to read and know what he signed (*see, Pimpinello v Swift & Co.*, 253 NY 159, 162-163). Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Colabella, JJ.