(June 22, 1998)

■ KENNETH ANTONOFF, Respondent, v MAIMONIDES MEDICAL CENTER, Appellant. [674 NYS2d 756] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 22, 1997, which denied its motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1995 the plaintiff entered into a contract with the defendant for a one-year residency program as a "House Staff Officer" in the defendant's Department of Dentistry. Shortly before the end of the program, the director of the dental program informed the plaintiff that one of the plaintiff's patients had made allegations that the plaintiff had sexually harassed her. The plaintiff alleges that the director did not afford him his contractual rights to respond to the charge, but instead coerced him into resigning by threatening that he would be personally and professionally "ruined" unless he immediately left the program. As a result, the plaintiff contends that he was constructively discharged.

It is well settled that in determining a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the test is whether the plaintiff can succeed upon any reasonable view of the facts stated (*see, Campaign for Fiscal Equity v State of New York,* 86 NY2d 307; *Jiggetts v Grinker,* 75 NY2d 411, 414-415; *219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). Moreover, the plaintiff is entitled to the benefit of all favorable inferences which may be drawn from the liberally construed pleading (*see,* CPLR 3026; *Prudential-Bache Sec. v Citibank,* 73 NY2d 263).

In this case, given the nature and the source of the alleged threat made to the plaintiff, the complaint adequately sets forth a cause of action to recover damages for breach of contract (*see, Matter of Cacchioli v Hoberman,* 31 NY2d 287; *Fischer v KPMG Peat Marwick,* 195 AD2d 222; *cf., Matter of Hopkins v Governale,* 222 AD2d 435). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.