■ ARNAV INDUSTRIES, INC. RETIREMENT TRUST et al., Appellants, v BROWN RAYSMAN, MILLSTEIN, FELDER & STEINER, L. L. P., Respondent. [713 NYS2d 175] —Order, Supreme Court, New York County (Jane Solomon, J.), entered November 18, 1999, which, in an action for legal malpractice, granted defendant law firm's motion to dismiss the complaint for failure to state a cause of action, and denied plaintiffs' cross motion to

amend the complaint so as to add an additional occurrence of malpractice, affirmed, without costs.

Plaintiffs allege that they signed a modification to a CPLR 3215 (i) (1) stipulation of settlement without having fully read it because defendant, their attorney, advised them that the original stipulation contained typographical errors that needed correction. In fact, plaintiffs allege, the modified stipulation contained detrimental substantive changes they had not authorized, including, in particular, a substantial reduction in the amount of the judgment to be entered on default. This claim of malpractice, based on defendant's alleged misstatement that only typographical errors were being corrected, was properly dismissed by the IAS Court on the ground that even if such misstatement were made, plaintiffs would have "immediately ascertain[ed]" the substantive nature of the changes being made had they read the modified stipulation and failed to offer a valid excuse for not having done so (*see*, *Beattie v Brown & Wood*, 243 AD2d 395). Plaintiffs' proposed new cause of action, which alleges defendant's malpractice in failing to file a certain confession of judgment, is flatly contradicted by the modified stipulation, which does not provide for the filing of such confession, and does provide for its satisfaction by a certain payment that plaintiffs admit was made, and therefore was properly rejected. We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, Andrias and Saxe, JJ.

Rosenberger, J. P., and Mazzarelli, J., dissent in part in a memorandum by Mazzarelli, J., as follows: I would modify the order appealed to the extent of reinstating the complaint for legal malpractice based upon the defendant's misrepresentation to Mr. Wasser, a trustee of Arnav Industries and an officer of Rochel Properties, that he need only read the first paragraph of the amended stipulation which defendant asserted had been modified to correct a typographical error in the prior document. Mr. Wasser had read the entire first stipulation, and he reread the portion of the amended document, which was allegedly misrepresented to him by his attorneys as the only modification in the amended stipulation, before signing it. I would find the defendant law firm's alteration of the 13th paragraph of the stipulation, which materially reduced the amount to be paid to plaintiff in the event of a default, together with the specific misstatement that there was only one change in the document necessitating plaintiff's attention, to be the basis of a cognizable claim for legal malpractice.

The unique facts of this case except it from the general rule

set forth in *Beattie v Brown & Wood* (243 AD2d 395) that a party "is responsible for his signature and is bound to read and know what he signed". Here, plaintiff allegedly failed to re-read the entire document upon his attorney's direct misrepresentation that the only changes were in the first paragraph, which he did read (*see, Par Fait Originals v ADT Sec. Sys.*, 184 AD2d 472 ["a party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it (*Gillman v Chase Manhattan Bank*, 73 NY2d 1)"]). I would therefore uphold plaintiff's claim of legal malpractice for the economic injuries it incurred as a result of its attorney's negligent misrepresentation (*see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 381 ["attorneys, like other professionals, may be held liable for economic injury arising from negligent representation"]).