■ ANNE INDEMINI, Appellant, v BETH ISRAEL MEDICAL CENTER, Respondent. [765 NYS2d 849] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered August 2, 2002, which granted defendant Beth Israel Medical Center's motion to dismiss the complaint on the ground that the court lacked subject matter jurisdiction over the action, unanimously affirmed, without costs.

Plaintiff's claim arises out of the termination of her employment as a physician in defendant hospital's residency program in Emergency Medicine. Thus, judicial review is available only by way of an action for an injunction pursuant to Public Health Law § 2801-c following completion of the investigation of the Public Health Council pursuant to Public Health Law § 2801-b (*Gelbard v Genesee Hosp.*, 87 NY2d 691, 696 [1996]). "The statutory requirement of threshold PHC review is too important to be circumvented by artful pleading" (*id.* at 697), and the statutory mandate "cannot be avoided 'simply by asserting a breach of contract claim', or prima facie tort and defamation claims" (*Solomon v Beth Israel Med. Ctr.*, 248 AD2d 118 [1998] [*lv dismissed in part and denied in part* 92 NY2d 874 (1998)], quoting *Gelbard*, 87 NY2d at 697). Distinctions based on the cause of action asserted have been discarded in favor of " 'a "bright line" rule that, if a physician seeks reinstatement of hospital privileges, the court is without jurisdiction to consider that issue until the Public Health Council reviews the matter and makes its findings, which constitute prima facie evidence of the facts found therein in any subsequent action' " (*Gelbard*, 87 NY2d at 695, quoting 211 AD2d 159, 165 [1995]). The reasons given for plaintiff's termination—including performance below the level appropriate for a second-year resident, clinical mistakes, poor judgment and interpersonal problems with staff and patients—involve precisely the physician competency issues warranting review by the Public Health Council as a means of promoting conciliation (*see Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y.*, 48

NY2d 583, 589 [1979]) and "avoiding costly and protracted litigation" (*Gelbard*, 87 NY2d at 697). Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.