■ In the Matter of JILL MEYER, M.D., Appellant, v FOREST HILLS HOSPITAL, a Member of the NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM, et al., Respondents. [977 NYS2d 72]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Trustees of Forest Hills Hospital denying the petitioner's application for clinical privileges, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated November 14, 2011, as granted that branch of the motion of Forest Hills Hospital and the Board of Trustees of Forest Hills Hospital which was to dismiss the petition for failure to exhaust administrative remedies and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner's application for clinical privileges at the respondent Forest Hills Hospital was denied by the respondent Board of Trustees of Forest Hills Hospital. A physician who, like the petitioner, seeks to challenge the denial of clinical privileges must first file a complaint with the Public Health Council (hereinafter PHC; *see* Public Health Law § 2801-b; *Gelbard v Genesee Hosp.*, 87 NY2d 691, 695-697 [1996]; *Guibor v Manhattan Eye, Ear & Throat Hosp.*, 46 NY2d 736, 738 [1978]). It is undisputed that the petitioner failed to file a complaint with the PHC before commencing the instant CPLR article 78 proceeding. Contrary to the petitioner's contention, no exceptions apply that would allow her to avoid this procedural step. Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was to dismiss the petition for failure to exhaust administrative remedies, and properly, in effect, denied the petition and dismissed the proceeding (*see Indemini v Beth Israel Med. Ctr.*, 4 NY3d 63, 66 [2005]; *Eden v St. Luke's-*

*Roosevelt Hosp. Ctr.*, 39 AD3d 215, 216 [2007]; *Matter of Ireh v Nassau Univ. Med. Ctr.*, 33 AD3d 702, 703 [2006]; *Matter of Capote v Our Lady of Mercy Med. Ctr.*, 168 AD2d 238 [1990]; *Matter of Libby [Long Is. Jewish-Hillside Med. Ctr.]*, 163 AD2d 388 [1990]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.
**[Prior Case History: 2011 NY Slip Op 33250(U).]**