Karim v Raju (2018 NY Slip Op 06864)





Karim v Raju


2018 NY Slip Op 06864


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


100720/14 -7350 7349 7348

[*1]Syed Aftab Karim, etc., Plaintiff-Respondent,
v
Ramanathan Raju, etc., et al., Defendants-Appellants.


Garfunkel Wild, P.C., Great Neck (Leonard M. Rosenberg of counsel), for appellants.
Eisenberg & Schnell, LLP, New York (Herbert Eisenberg and Julian R. Birnbaum of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about November 7, 2016, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the claim for injunctive relief pursuant to Public Health Law § 2801-c, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint. Appeal from order, same court and Justice, entered June 22, 2017, to the extent it denied defendants' motion to renew their motion for summary judgment, unanimously dismissed, without costs, as academic.
Defendants established prima facie that the decision to deny plaintiff physician professional privileges at Lincoln Hospital was made in good faith and on reasonable grounds (see Fried v Straussman, 41 NY2d 376, 377-378 [1977]; Public Health Law § 2801-b). The decision was based on admissible evidence of plaintiff's poor interpersonal skills and difficulties in working with subordinates, which are reasonably related to the statutory standards of "patient care, patient welfare, the objectives of the institution or the character or competency of the applicant" (PHL § 2801-b[1]) and to the core competencies of patient care, interpersonal and communication skills and professionalism set forth in the hospital's bylaws (see Indemini v Beth Israel Med. Ctr., 309 AD2d 651 [1st Dept 2003], affd 4 NY3d 63 [2005]; Heimlich v St. Luke's Roosevelt Hosp. Center, 202 AD2d 361 [1st Dept 1994], lv denied 84 NY2d 1017 [1995]).
We note that, while any finding of the Public Health and Health Planning Council (PHHPC) (formerly the Public Health Council) after review of a decision to deny privileges, or other alleged improper practice, is prima facie evidence in any action of the fact found (Public Health Law § 2801-c; Fried v Straussman, 41 NY2d at 381), the PHHPC made no factual findings in this case.
Defendants' good faith was shown by their taking steps to obtain clarification more than once from those who had submitted negative evaluations of plaintiff's performance, and, upon subsequent review, considering plaintiff's numerous positive evaluations, which he had solicited directly (see Matter of Moss v Albany Med. Ctr. Hosp., 61 AD2d 545, 549 [3d Dept 1978]; Jackaway v Northern Dutchess Hosp., 139 AD2d 496, 497 [2d Dept 1988]; Matter of Fischer v [*2]Nyack Hosp., 140 AD3d 1264, 1266-1267 [3d Dept 2016]; Bhard-Waj v United Health Servs., Hosps., 303
AD2d 824, 825 [3d Dept 2003]).
In opposition, plaintiff failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK