Fogel v Health (2026 NY Slip Op 01907)

Fogel v Health

2026 NY Slip Op 01907

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, AND NOWAK, JJ.

1015 CA 24-01405

[*1]JONATHAN T. FOGEL, M.D.,
PLAINTIFF-RESPONDENT,
vKALEIDA HEALTH, DEFENDANT-APPELLANT. 

HODGSON RUSS LLP, BUFFALO (CYNTHIA G. LUDWIG OF COUNSEL),
FOR DEFENDANT-APPELLANT.
ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T.
WALSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (John J. DelMonte, J.),
entered August 2, 2024. The order denied the motion of defendant to dismiss the
complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on
the law by granting the motion in part and dismissing the complaint except to the extent
that it asserts a claim for improper practices under Public Health Law § 2801-b (1)
seeking injunctive relief and as modified the order is affirmed without costs.
Memorandum: Defendant, Kaleida Health (Kaleida), appeals from an order denying
its pre-answer motion to dismiss the complaint. We modify.
Plaintiff is a physician whose medical privileges with Kaleida were suspended in
January 2017 and terminated a year later based on allegations that he subjected a
radiology technician to unwanted physical contact in the operating room at Buffalo
General Medical Center while a patient was undergoing surgery. In a prior appeal, we
converted plaintiff's CPLR article 78 proceeding into an action for injunctive relief and
granted the motion of Kaleida, among others, seeking to dismiss the petition, as converted
to a complaint, challenging his termination. We concluded that we lacked jurisdiction to
consider the complaint because plaintiff had not yet filed a complaint with the Public
Health Council, as required by Public Health Law § 2801-b (2) (Matter of Fogel v Kaleida
Health, 175 AD3d 1102, 1103 [4th Dept 2019]). We therefore dismissed the
"complaint without prejudice to refile following review of this matter by the Public
Health Council" (id.).
After we dismissed the complaint, the Public Health and Health Planning Council
(PHHPC) determined following an investigation that Kaleida, in revoking plaintiff's
medical privileges, had not engaged in improper practices within the meaning of Public
Health Law § 2801-b. Two years later, plaintiff commenced this action seeking
declaratory and injunctive relief. The gravamen of the complaint is that Kaleida violated
its bylaws by suspending and then terminating plaintiff's privileges. The complaint
alleged that Kaleida's board of directors, which made the decision to revoke plaintiff's
privileges, had no authority under the bylaws to ignore the recommendation of the
Hearing Officer, who determined following a hearing that, although plaintiff engaged in
misconduct, a revocation of his medical privileges would be arbitrary and "exceedingly
harsh." According to the complaint, the board of directors also had no authority to ignore
the recommendation of the Medical Executive Board (MEC), which adopted the Hearing
Officer's report.
As relief, the complaint sought a declaration that Kaleida violated its bylaws and
wrongly revoked plaintiff's privileges and sought reinstatement of those privileges, along
with expungement of his disciplinary record and reports filed with the National
Practitioner Data Bank (NPDB) regarding his alleged misconduct. In response, Kaleida
filed a pre-answer motion to [*2]dismiss the complaint on
a variety of grounds, and Supreme Court denied the motion in its entirety.
As a preliminary matter, we agree with Kaleida that plaintiff cannot seek declaratory
relief. "The primary purpose of declaratory judgments is to adjudicate the parties' rights
before a 'wrong' actually occurs in the hope that later litigation will be
unnecessary" (Klostermann v Cuomo, 61 NY2d 525, 538 [1984] [emphasis
added]; see Touro Coll. v Novus
Univ. Corp., 146 AD3d 679, 679 [1st Dept 2017]). A declaratory judgment
action " 'only provides a declaration of rights between parties' and 'cannot be executed
upon so as to compel a party to perform an act' " (Matter of Hyde Park
Landing, Ltd. v Town of
Hyde Park, 130 AD3d 730, 731 [2d Dept 2015], quoting Matter of
Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983]).
Here, in addition to seeking a declaration that Kaleida, in the past, violated its bylaws
and wrongly revoked his privileges, plaintiff is also seeking to compel Kaleida to perform
an act, i.e., expunge his disciplinary records and reports to the NPDB. "This is not the
function of a declaratory judgment action" (Hesse v Speece, 204 AD2d 514, 515
[2d Dept 1994]). We therefore modify the order by granting the motion insofar as it seeks
dismissal of the request for declaratory relief.
We also agree with Kaleida that plaintiff has stated no viable cause of action for
breach of contract arising from Kaleida's alleged violation of its bylaws. A hospital's
bylaws are not a contract entitling staff members to sue for relief in the event of failure to
comply with the bylaws unless the bylaws clearly delineate such a right (see Mason v Central Suffolk
Hosp., 3 NY3d 343, 348-349 [2004]). Because "[n]ot a word in the bylaws that
are now before us says or implies that doctors have a vested right to hospital privileges"
(id.), the complaint in this case fails to state a cause of action for breach of
contract based on allegations that Kaleida violated its bylaws in suspending and then
terminating plaintiff's privileges (see Ali-Hasan v St. Peter's Health Partners
Med. Assoc., P.C., 226 AD3d 1199, 1203 [3d Dept 2024], lv denied
42 NY3d 906 [2024]; Meyer v North Shore-Long Is. Jewish Health Sys.,
Inc., 137 AD3d 878, 879 [2d Dept 2016], lv denied 28 NY3d 909 [2016]; Lobel v Maimonides Med. Ctr.,
39 AD3d 275, 277 [1st Dept 2007]). Thus, to the extent that the complaint asserts a
claim for breach of contract, we further modify the order by granting the motion with
respect to any such claim.
Contrary to Kaleida's further contention, however, we conclude that plaintiff has a
cause of action for improper practices and may seek an injunction under Public Health
Law § 2801-c. "On a motion to dismiss pursuant to CPLR 3211, the pleading is to
be afforded a liberal construction," and we must "accept the facts as alleged in the
complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and
determine only whether the facts as alleged fit within any cognizable legal theory"
(Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Rovello v Orofino Realty
Co., 40 NY2d 633, 634 [1976]). "Initially, the sole criterion is whether the pleading
states a cause of action, and if from its four corners factual allegations are discerned
which taken together manifest any cause of action cognizable at law a motion for
dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
Where, however, "evidentiary material is considered, the criterion is whether the
proponent of the pleading has a cause of action, not whether [they have] stated
one, and, unless it has been shown that a material fact as claimed by the pleader to be one
is not a fact at all and unless it can be said that no significant dispute exists regarding it,
again dismissal should not eventuate" (id. [emphasis added]; see Cohen
& Lombardo, P.C. v
Connors, 169 AD3d 1399, 1401 [4th Dept 2019]; McCarthy v Shah, 162 AD3d
1727, 1728 [4th Dept 2018]).
Here, while most of the allegations in the complaint relate to plaintiff's claim that
Kaleida violated its bylaws and are therefore nonactionable, we conclude that other
allegations, liberally construed, establish that plaintiff has stated a cause of action for
improper practices pursuant to Public Health Law § 2801-b (1) and can seek
injunctive relief under Public Health Law § 2801-c. The legislature enacted section
2801-b "to create an avenue of redress for physicians whom hospitals discriminated
against or unjustly denied staff membership or professional privileges" (Indemini v Beth Israel Med.
Ctr., 4 NY3d 63, 67 [2005]; see also Matter of Chong-Hwan Wee v City of
Rome, 233 AD2d 876, 876 [4th Dept 1996]). Although the complaint filed by
plaintiff does not explicitly assert a cause of action for improper practices and does not
reference Public Health Law § 2801-b, some of its allegations, accepted as true,
state a claim against Kaleida for improper practices arising from its suspension and
revocation of plaintiff's privileges.
Specifically, the complaint alleges that "both the precautionary suspension and the
revocation of [p]laintiff's privileges were based on false statements, as found by the
Hearing Officer." The complaint further alleges that the reports of his conduct sent to the
NPDB "were premised on statements manipulated and exaggerated by . . . Kaleida's Chief
Medical Officer, to persuade the MEC to recommend revocation of Plaintiff's privileges." 
In our view, those allegations could support a cause of action for improper practices
under Public Health Law § 2801-b, even though plaintiff failed "to specifically cite that statute"
(Oliver Chevrolet v Mobil Oil Corp., 249 AD2d 793, 795 [3d Dept 1998]), to the
extent they assert "that the hospital acted in bad faith or gave one of the statutory reasons
as a pretense for the true reason that the privileges were terminated" (Gelbard v
Genesee Hosp., 211 AD2d 159, 164 [4th Dept 1995], affd 87 NY2d 691
[1996]; see Fried v Straussman, 41 NY2d 376, 382 [1977], rearg denied
41 NY2d 1009 [1977]; see also Jackaway v Northern Dutchess Hosp., 139 AD2d
496, 497 [2d Dept 1988]).
Contrary to Kaleida's further contention, the fact that the PHHPC determined that it
did not engage in improper practices does not preclude such a claim here. Although the
negative PHHPC determination is significant and constitutes "prima facie evidence of the
fact or facts found therein" (Public Health Law § 2801-c), "threshold [PHHPC]
review does not impair or affect any right or remedy" of the physician
(Gelbard v Genesee Hosp., 87 NY2d 691, 698 [1996] [emphasis added];
see § 2801-b [4]), and the physician "is thereafter free to bring a section
2801-c injunction action or any other valid claim" (Gelbard, 87 NY2d at 698;
see Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48
NY2d 583, 588-589 [1979]).
Finally, even assuming, arguendo, that the immunity provisions of the Health Care
Quality Improvement Act of 1986 (HCQIA) (42 USC § 11101 et seq.; see 42 USC § 11137 [c]) or Public Health
Law § 2803-e (2) (b) apply where, as here, there is no request for monetary
damages, we conclude that Kaleida failed to demonstrate that it is entitled to immunity
under either the HCQIA or Public Health Law § 2803-e (2) (b). Where, as here, a physician seeks relief with respect to
allegedly false reports, a reporting entity is immune under the HCQIA only if the reports
were made "without knowledge of the falsity of the information caused in the report" (42
USC § 11137 [c]). The Public Health Law provides a level of immunity, but not if
the information provided is "untrue and communicated with malicious intent" (Public
Health Law § 2805-m [3]; see also Education Law § 6527 [5]). Here,
based on the allegations of the complaint, liberally construed, we conclude that Kaleida
failed to establish, on this CPLR 3211 motion, that it is entitled to immunity.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court