■ KENNETH SILVERMAN et al., Appellants, v DEBRA LOBEL et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edith Miller, J.), entered July 24, 1989, which, *inter alia,* dismissed the petition as against respondents Marie L. Rosso, George Nicholas and Anastasia Nicholas (sellers) and stayed this CPLR article 78 proceeding, seeking a judgment directing respondent Debra Lobel, Esq. to release and return a $60,000 down payment to petitioners held by her as escrow agent, pending the outcome of two related actions, unanimously affirmed, with costs.

Petitioners entered into a written real estate contract in which they agreed to purchase a marina owned by respondent sellers. Petitioners deposited $60,000 (10% of the purchase price) with the sellers' attorney.

Petitioners allegedly canceled the real estate contract by letter, due to their purported inability to obtain a mortgage. However, the sellers assert that the letter and the petitioners' subsequent actions did not terminate the contract but, instead, extended the time frame and altered the terms of the contract. In this light, the sellers maintain that when the petitioners failed to close on the new closing date, they forfeited their down payment.

Petitioners commenced this article 78 proceeding seeking to compel respondent Lobel, as an officer of the court, to pay to them the $60,000, which she had been holding in escrow. Petitioners also commenced a declaratory judgment action in Suffolk County and an action in New York County, alleging fraudulent inducement to enter into the real estate contract.

The IAS court dismissed the article 78 petition as to respondent sellers and stayed the proceeding as to respondent Lobel pending the resolution of the two related plenary actions commenced by petitioners.

The remedy of mandamus is an extraordinary remedy which lies only to compel the performance of purely ministerial acts where there is a clear right to the relief sought. *(Spring Realty Co. v New York City Loft Bd.,* 69 NY2d 657,

*appeal dismissed* 482 US 911.) Accordingly, since the instant record reveals an obvious dispute as to whether the real estate contract was effectively canceled or was, instead, modified and as to whether petitioners' failure to close on the new date constituted a default under the contract, there is no clear right to the relief sought by petitioners. The release of the money in escrow by respondent Lobel is certainly not a ministerial act at this point.

Moreover, as there are other available adequate remedies (as is clearly demonstrated by petitioners' commencement of the two plenary actions), this article 78 proceeding against the respondent sellers was inappropriate. *(See, Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958.) Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.