■ Bruce Meller, Appellant, v Leon Tancer et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered November 16, 1990, which, *inter alia,* granted the motion by defendants Leon Tancer and Maimonides Medical Center for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, without costs.

Order of the same court and same Justice, entered on or about November 8, 1990, which denied plaintiff's motion to compel discovery, unanimously affirmed, without costs.

Order of the same court and same Justice, entered January 3, 1991, which denied plaintiff's motion for renewal and reargument, unanimously affirmed, without costs.

Plaintiff, a licensed New York physician and surgeon who was accepted into and subsequently completed a Residency Program in the Department of Obstetrics and Gynecology at defendant Maimonides Medical Center, commenced the underlying action against the Director of that Residency Program, and defendant Maimonides, seeking monetary damages and injunctive relief based upon the defendants' alleged breach of contract and defamation.

Upon examination of the record, we find that the IAS court did not err in determining that the refusal by the defendant Director to execute a certification as to the plaintiff's good moral and ethical character, so as to permit the plaintiff to take the examination for Board Certification in the Medical

Specialty of Obstetrics and Gynecology, was neither arbitrary or capricious nor a breach of contract.

Contrary to plaintiff's assertions, neither the "House Staff Contracts", encompassing the written residency agreement between the defendants and the plaintiff, nor the "Essentials", which are the standards, rules and regulations for an accredited residency program published by the American Board of Obstetrics and Gynecology, imposed a duty on the part of the individual defendant, as Director of the Maimonides Residency Program in Obstetrics and Gynecology, to attest to the plaintiff's good moral and ethical character upon completion of his residency. As the "Essentials" indicate, there is a vast difference between verification by the Accreditation Council for Graduate Medical Education ("ACGME") of an individual's completion of an accredited residency program and certification of an individual for the Specialty Board of obstetrics and gynecology by the American Board of Obstetrics and Gynecology ("ABOG"), a separate and distinct legal entity. Accordingly, we reject plaintiff's claim that certificate of good moral character is merely a ministerial act or that the parties' contracts imposed an obligation, either express or implied, on the part of the defendants to provide a *pro forma* certification to the Specialty Board of plaintiff's good character upon completion of the residency program.

The courts of this State have consistently stated their reluctance to intervene in controversies involving educational and academic standards unless the institution exercised its discretion in an arbitrary or irrational manner or in bad faith *(Matter of Olsson v Board of Higher Educ.,* 49 NY2d 408). The judicial deference that has been given to educational and academic institutions has also been given to accredited residency training programs *(Easaw v St. Barnabas Hosp.,* 142 Misc 2d 480). Here, where the plaintiff's residency file is replete with evaluations from the Senior Staff of the Residency Program assessing the plaintiff's professional performance and personal character as inadequate, we find that the plaintiff's claim of arbitrary and capricious conduct or bad faith on the part of the defendants is devoid of merit.

Similarly, we find that the alleged defamatory statements with respect to the plaintiff's character and medical skills published by the individual defendant in response to requests by plaintiff's prospective employers, and accompanied by the transmittal of the plaintiff's residency file providing facts supporting those statements, were protected by a qualified privilege, and are, under the circumstances, not actionable.

Finally, we find that the IAS court properly denied plaintiff's belated motion seeking to compel further discovery, made several months after the plaintiff had filed a note of issue and certificate of readiness, as moot in light of the summary judgment determination in defendants' favor.

We have considered plaintiff's remaining contentions, and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.