■ JONATHAN H. SUMNER, Appellant, v BETH ISRAEL MEDICAL CENTER, Respondent, et al., Defendants. [601 NYS2d 144] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered March 28, 1991, which granted the defendant Beth Israel Medical Center's motion pursuant to CPLR 3211 to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

After completing a two-year fellowship in cardiology at Beth Israel Medical Center, the plaintiff, a physician, applied to sit for the subspecialty examination in cardiovascular disease administered by the American Board of Internal Medicine (hereinafter the Board). The Board denied his application based upon negative evaluations received from Drs. Russell Berdoff and Marvin Berger, the plaintiff's training program directors at Beth Israel. These physicians rated the plaintiff's clinical competence, technical skills, and general level of knowledge as unsatisfactory and strongly recommended that he be excluded from the examination. The plaintiff commenced this action against Beth Israel and the individual physicians alleging causes of action for breach of contract, negligent misrepresentation and fraudulent inducement. The Supreme Court dismissed the complaint for failure to state a cause of action sounding in contract and, insofar as it can be construed to allege defamation, as time-barred. We affirm.

The gravamen of the plaintiff's complaint was that having permitted him to graduate from the training program and having issued him a diploma, the defendants were thereafter contractually obligated, by the program bulletin and the "House Officer Agreement" between the plaintiff and Beth Israel, to recommend him to the Board as qualified to take the subspecialty exam. We find no such obligation on the part of the defendants. Although the program was "approved for subspecialty Board requirements", neither the bulletin nor the House Officer Agreement support the plaintiff's contention that completion of the program guaranteed qualification for the subspecialty examination (see, Meller v Tancer, 174 AD2d 374). Moreover, the plaintiff was evaluated negatively during the fellowship and was informed that if his performance did not improve to an acceptable level, he would not be recommended to the Board.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.