■ In the Matter of FLORENCE RAFMAN, Appellant, v BROOKLYN COLLEGE OF THE CITY UNIVERSITY OF NEW YORK, Respondent. [623 NYS2d 281] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Brooklyn College of the City University of New York, which, without a hearing, dismissed the petitioner from the Masters of Science program in the area of speech pathology due to academic deficiency, the appeal is from (1) an order of the Supreme Court, Kings County (Held, J.), dated March 30, 1993, which denied the petition as premature, and (2) a judgment of the same court, dated June 2, 1993, which, upon, in effect, granting renewal, dismissed the proceeding on the merits.

Ordered that the appeal from the order is dismissed since the order is not appealable as of right *(see,* CPLR 5701 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner, a graduate student at the respondent Brooklyn College of the City University of New York, was dismissed from the Masters of Science program in the area of speech pathology due to academic deficiency. She commenced this proceeding seeking, *inter alia,* reinstatement to the graduate program.

Judicial review of the determinations of educational institu-

tions regarding the academic performance of their students is limited to the questions of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to the Constitution or statute *(Matter of Susan M. v New York Law School,* 76 NY2d 241, 247; *see also, Tedeschi v Wagner Coll.,* 49 NY2d 652; *James v Board of Educ.,* 42 NY2d 357). Such is not the case here.

The petitioner failed a practicum entitled Speech 729.2 a first time and did not appeal the failing grade. She also failed the practicum when she took it a second time. The record shows that more than one faculty member felt that the petitioner's performance was unsatisfactory. Indeed, in addition to the instructor of the practicum, two other faculty members also felt that the petitioner's performance in the practicum was not satisfactory. Under these circumstances, it is clear that "[t]he dismissal was predicated on an academic evaluation, bearing 'little resemblance to the judicial and administrative fact-finding proceedings to which [courts] have traditionally attached a full hearing requirement * * * [T]he determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decision making' " *(Matter of Sofair v State Univ. of N. Y. Upstate Med. Ctr. Coll. of Medicine,* 44 NY2d 475, 479-480, quoting *Board of Curators v Horowitz,* 435 US 78, 89-90). Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.