■ Elias Moukarzel, Appellant, v Montefiore Medical Center et al., Respondents. [652 NYS2d 281] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about October 16, 1995, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to compel a response to plaintiff's discovery request prior to determining the summary judgment motion, unanimously affirmed, without costs.

Plaintiff, a former resident in the urology residency training program sponsored by Montefiore Medical Center, was dismissed from the program on the ground of inadequate knowledge, clinical skill and competence. He commenced this action, alleging discrimination based on his Lebanese national origin and breach of contract, seeking reinstatement to the program. "[I]n the absence of demonstrated bad faith, arbitrariness, capriciousness, irrationality or a constitutional or statutory violation, a student's challenge to a particular grade or other academic determination relating to a genuine substantive evaluation of the student's academic capabilities, is beyond the scope of judicial review" (*Matter of Susan M. v New York Law School*, 76 NY2d 241, 247). The judicial deference given to educational and academic institutions is accorded also to accredited residency training programs (*Meller v Tancer*, 174 AD2d 374). The record shows that several faculty members assessed plaintiff's knowledge, clinical skill and competence as inadequate or borderline, and his scores on two successive American Urological Association in-service examinations were

far below the national average. Plaintiff did not submit sufficient evidence to raise a genuine issue respecting defendants' alleged discriminatory basis for his discontinuance in the residency program, and summary judgment was, accordingly, properly granted to defendants (*supra; Matter of Rafman v Brooklyn Coll.*, 212 AD2d 795).

Plaintiff's claim that he was denied "due process" at a meeting of the Resident Review Committee because he had "no opportunity to question the committee members, to present witnesses on his behalf, introduce documents or present other evidence" is without merit. "Like the decision of an individual professor as to the proper grade for a student in his course, the determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking." (*Board of Curators v Horowitz*, 435 US 78, 90; *see also, Matter of Sofair v State Univ. of N. Y. Upstate Med. Ctr. Coll. of Medicine*, 44 NY2d 475, 479-480.)

The IAS Court properly exercised its discretion in denying plaintiff's cross motion to compel defendants to respond to a discovery request first made one and one-half years after the action was commenced when no justifiable excuse for the delay was submitted (*Hanneford Circus v Cabar Circus Promotions*, 201 AD2d 456). Nor did plaintiffs make the threshold showing that facts essential to justify opposition may exist (CPLR 3212 [f]). "[T]he mere hope by the plaintiff that he might be able to uncover some evidence during the discovery process was insufficient to deny summary judgment to the defendant" (*Jones v Gameray*, 153 AD2d 550, 551; *Pow v Black*, 182 AD2d 484). We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin and Nardelli, JJ.