■ JEAN-MAX AUGUSTE, Appellant, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Formerly Known as BOOTH MEMORIAL MEDICAL CENTER, et al., Respondents. [688 NYS2d 652] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Lisa, J.), dated February 24, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was a resident physician at the defendant New York Hospital Medical Center of Queens, commenced this action after he was not offered an appointment for the second year due to unsatisfactory performance during his first year.

Judicial review of determinations regarding academic standards is limited to the questions of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to a Constitutional provision or a statute (*see, Matter of Susan M. v New York Law School,* 76 NY2d 241, 247; *Moukarzel v Montefiore Med. Ctr.,* 235 AD2d 239; *Matter of Rafman v Brooklyn Coll.,* 212 AD2d 795; *see also, Meller v Tancer,* 174 AD2d 374). Such is not the case here.

The plaintiff, within the first six months of the program, received mostly below-average marks on his evaluation by two house staff chief residents. Moreover, these chief residents were not the only faculty who found that the plaintiff's performance was unsatisfactory. The plaintiff was described by another doctor as "an unreliable, insensitive, irresponsible intern" who "failed to monitor and follow * * * up patient care" and whose "overall clinical competence, including clinical judgment, medical knowledge, clinical skills * * * [and] medical care, is unsatisfactory". Additionally, other hospital doctors noted the plaintiff's many difficulties in handling an intensive-care environment, his inability to adequately interpret data

and care for critically-ill patients, his disorganization, his inability to properly present cases, and his unprofessionalism.

Under these circumstances, where the plaintiff's residency file was replete with unsatisfactory evaluations, the plaintiff's claim that the defendants' determination was arbitrary and capricious or made in bad faith is devoid of merit.

The plaintiff's remaining contentions are without merit. Altman, J. P., Goldstein, Florio, and McGinity, JJ., concur.