■ In the Matter of STEVE'S STAR SERVICE, INC., Respondent, et al., Petitioners, v COUNTY OF ROCKLAND et al., Appellants. [718 NYS2d 72] —In a proceeding pursuant to CPLR article 78, in effect, to compel the appellants, inter alia, to deliver a

check in the sum of $259,745.65 to the petitioner Steve's Star Service, Inc., the appeal is from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated June 24, 1999, which granted the petition to the extent of directing the appellants to deliver the subject check.

Ordered that the judgment is reversed, on the law, with costs, and to the extent that the proceeding seeks to compel the appellants to deliver a check in the sum of $259,745.65 to the petitioner Steve's Star Service, Inc., it is converted into an action to recover damages for breach of contract (*see,* CPLR 103 [c]), with the petition deemed the complaint, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

On August 25, 1997, the County of Rockland awarded the petitioner Steve's Star Service, Inc. (hereinafter Steve's Star) a three-year contract to transport handicapped children to school. Shortly thereafter, a dispute arose as to whether Steve's Star was properly performing its services, and the parties subsequently began to negotiate an agreement for early termination of the contract. In June 1999, Steve's Star submitted an invoice to the appellants seeking payment of the sum of $259,745.65 for services provided in May 1999 and advised the appellants that if payment was not made by June 18, 1999, it would not have funds to pay its drivers. When the appellants refused to pay the May invoice by June 18, 1999, Steve's Star halted its operations on behalf of the appellants. Later that day, the appellants notified Steve's Star that it was terminating the contract, effective immediately. Steve's Star then commenced this proceeding pursuant to CPLR article 78 seeking to compel the appellants, *inter alia*, to deliver a check for payment of its May invoice. The Supreme Court granted the petition to the extent of directing the appellants to deliver the subject check. We reverse.

It is well settled that where damages allegedly have been sustained due to a breach of contract by a public official or governmental body, the claim "must be resolved through the application of traditional rules of contract law" (*Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, 8; *see also, Matter of Goodstein Constr. Corp. v Gliedman,* 117 AD2d 170, 176, *affd* 69 NY2d 930). "Thus, where the language of the complaint asserts violations of a plaintiff's rights under a contract and the primary thrust of the allegations is in contract, a plenary action sounding in contract is the appropriate remedy" (*Abiele Contr. v New York City School Constr. Auth., supra,* at 8; *see also, Matter of Barrier Motor Fuels v Boardman,* 256

AD2d 405). Here, since the essence of Steve's Star's claim against the appellants is predicated upon their alleged breach of contract, and since the remedy sought relates to enforcement of the contract, mandamus to compel payment of the outstanding invoice does not lie. Indeed, it is well settled that mandamus relief lies only to compel the performance of purely ministerial acts, and may not be used when there are other available remedies at law, such as a breach of contract action (*see, Silverman v Lobel,* 163 AD2d 62; *Matter of Corbeau Constr. Corp. v Board of Educ.,* 32 AD2d 958).

Although this proceeding was brought in an improper form, we exercise our authority pursuant to CPLR 103 (c) to convert the proceeding into an action to recover damages for breach of contract, to the extent that it is asserted on behalf of Steve's Star (*see, Matter of Cromwell Towers Redevelopment Co. v City of Yonkers,* 41 NY2d 1, 5; *Matter of Yaeger v Educational Testing Serv.,* 158 AD2d 602; *Matter of Hertz v Rozzi,* 148 AD2d 535; *Matter of Oshinsky v Nicholson,* 55 AD2d 619). S. Miller, J. P., Friedmann, Krausman and Luciano, JJ., concur.