In the Matter of YASUHISA ONO, M.D., Appellant, v THE LONG ISLAND COLLEGE HOSPITAL et al., Respondents. [785 NYS2d 76]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered October 9, 2003, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondents' administrative determination, dated November 18, 2002, dismissing petitioner from the subject residency training program, unanimously affirmed, without costs.

Respondent Downstate's reliance on documents it received from the District Attorney's office, relating to subsequently dismissed charges against petitioner, was not improper. At the time the documents were considered, the charges were still pending and the relevant District Attorney's file had not yet been sealed. Moreover, there is precedent supporting the admission in administrative proceedings of documents obtained from a sealed file in violation of CPL 160.50 (*see Matter of Charles Q. v Constantine*, 85 NY2d 571 [1995]). Nor do we find respondents' determination vulnerable for its reliance on hearsay statements, since an administrative determination may be based on hearsay and, accordingly, the relevant inquiry in assessing the adequacy of the evidence underlying an administrative determination is not whether the evidence is hearsay, but whether it is sufficiently relevant and probative to lend rational support to the determination (*see Matter of Foster v Coughlin*, 76 NY2d 964 [1990]).

Our review of the record discloses that there was sufficient evidence to provide a rational basis for respondents' findings of misconduct against petitioner and, in view of the evidence showing that petitioner unlawfully possessed a controlled substance and engaged in sexual misconduct, the penalty of termination from the subject residency training program in anesthesiology was not so disproportionate as to shock our sense of fairness. We note that determinations such as the one here at issue, respecting the fitness of a medical resident to continue in a residency training program, involve subjective professional judgments to which courts are ordinarily bound to defer (*Moukarzel v Montefiore Med. Ctr.*, 235 AD2d 239 [1997]; *Meller v Tancer*, 174 AD2d 374 [1991]; *Gertler v Goodgold*, 107 AD2d 481, 485-486 [1985], *affd* 66 NY2d 946 [1985]). Concur—Andrias, J.P., Sullivan, Ellerin and Marlow, JJ.