■ MARC J. BERGER, Appellant, v MAIMONIDES MEDICAL CENTER, Defendant, and MOUNT SINAI MEDICAL CENTER et al., Respondents. [817 NYS2d 67]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the plaintiff completed his third-year residency at Maimonides Medical Center, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated December 8, 2004, which granted the motion of the defendants Mount Sinai Medical Center and Richard L. Berkowitz for summary judgment declaring that the plaintiff did not complete his third-year residency at Maimonides Medical Center and dismissing the remaining causes of action insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The appellant, who was a fourth-year resident at the defendant Mount Sinai Medical Center (hereinafter Mt. Sinai), commenced this action against, among others, Mt. Sinai, after it summarily terminated his residency upon being informed that he had not satisfactorily completed his third-year residency at the defendant Maimonides Medical Center (hereinafter Maimonides).

Judicial review of a determination regarding academic standards is limited to the issues of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith, or contrary to statute, or to state or federal constitution (*see Matter of Susan M. v New York Law School,* 76 NY2d 241, 247 [1990]). The judicial deference afforded a determination made by an educational and academic institution has been

extended to accredited residency training programs (*see Auguste v New York Hosp. Med. Ctr. of Queens*, 260 AD2d 589, 589 [1999]; *Razi v St. Joseph's Hosp. Health Ctr.*, 237 AD2d 894 [1997]; *Moukarzel v Montefiore Med. Ctr.*, 235 AD2d 239 [1997]; *Meller v Tancer*, 174 AD2d 374 [1991]). Here, the respondents established their prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by demonstrating that the decision to terminate the appellant from the Mt. Sinai residency program was based on the appellant's failure to satisfactorily complete his third-year residency at Maimonides, and the appellant's deliberate omission of information regarding his prior academic record during his interview with Mt. Sinai.

In opposition, the appellant failed to raise a triable issue of fact. The appellant's contention that he satisfactorily completed his third-year residency is speculative and largely limited to his personal conclusions. Moreover, the record is replete with evidence to the contrary. The file maintained by the Maimonides residency program contains numerous evaluations of the appellant assessing his professional performance and personal character as inadequate. Accordingly, the appellant failed to raise a triable issue of fact as to whether the respondents' conduct was arbitrary and capricious or in bad faith. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.