◼ Prasanna W. Goonewardena, Appellant, v Hunter College et al., Respondents. [835 NYS2d 579]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), entered January 13, 2006, dismissing this proceeding as time-barred, unanimously affirmed, without costs.

A CPLR article 78 proceeding must be commenced within four months after the determination to be reviewed becomes final and binding (CPLR 217 [1]). Petitioner seeks to overturn the October 1, 2003 decision of the college president that suspended him. This proceeding was commenced in July 2005. The failure to proceed within four months required dismissal, notwithstanding petitioner's ongoing correspondence with the City University of New York (CUNY) regarding his medical

documentation as a request for reconsideration. Such a request does not toll the four-month statute of limitations (*see Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974 [1983]), even when an agency takes it under review or negotiates with a petitioner over modification of the administrative determination (*Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals*, 79 AD2d 751, 752 [1980], *affd* 55 NY2d 613 [1981]).

In any event, petitioner's claims are without merit. The Committee determined that the suspension would remain in effect until petitioner could document that he was receiving psychiatric treatment from a licensed psychiatrist acceptable to the college, and that he posed no threat to himself or others. Based on CUNY's duty to protect other students and staff on its campuses, it was reasonable to find the documentation submitted inadequate (*see Matter of Ono v Long Is. Coll. Hosp.*, 12 AD3d 299 [2004]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.