■ Harold C. Schaefer, Appellant, v Brookdale University Hospital and Medical Center et al., Respondents. [888 NYS2d 122]—

In an action, inter alia, to recover damages for breach of contract and defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated March 3, 2008, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of contract and defamation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's breach of contract cause of action. The breach of contract cause of action is primarily based upon the plaintiff's allegedly wrongful termination from the defendant Brookdale University Hospital and Medical Center's urology residency program. Therefore, his proper recourse was the grievance process provided by Public Health Law § 2801-b, "which cannot be avoided simply by asserting a breach of contract claim" (*Indemini v Beth Israel Med. Ctr.*, 4 NY3d 63, 68 [2005] [internal quotation marks omitted]; *see Giordano v Victory Mem. Hosp.*, 273 AD2d 353, 354 [2000]; *Falk v Anesthesia Assoc. of Jamaica*, 228 AD2d 326, 330 [1996]; *Saha v Record*, 177 AD2d 763, 765 [1991]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's second cause of action alleging defamation by demonstrating that the challenged statements were substantially true (*see Cooper v Hodge*, 28 AD3d 1149, 1150 [2006]; *Yan v Potter*, 2 AD3d 842, 843 [2003]). Moreover, the defendants established that the alleged defamatory statements were protected by a qualified privilege (*see Cooper v Hodge*, 28 AD3d at 1150; *Roth v Beth Israel Med. Ctr.*, 180 AD2d 434, 435 [1992]; *Meller v Tancer*, 174 AD2d 374 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Florio, Belen and Roman, JJ., concur. [*See* 18 Misc 3d 1142(A), 2008 NY Slip Op 50409(U).]