■ In the Matter of CHARLES PETTUS, Individually and on Behalf of NEW IMAGE ROLLER DROME, INC., Appellant, v NEW YORK STATE INSURANCE DEPARTMENT, Respondent. [941 NYS2d 299]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Reynolds Fitzgerald, J.), entered August 30, 2010 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to act upon a complaint.

In April 2010, petitioner brought this CPLR article 78 proceeding seeking to compel respondent to investigate his complaint that his insurance carrier had allegedly violated certain of respondent's regulations by, among other things, requiring petitioner to sign a release in connection with the settlement of an insurance claim. Supreme Court properly dismissed the petition on the basis that it was time-barred because it was commenced beyond the applicable four-month statute of limitation period (*see* CPLR 217 [1]). Specifically, the record confirms that, by letter dated September 4, 2009, respondent informed petitioner that, because his claims against his insurance carrier were already the subject of litigation, it was discontinuing its investigation of the complaint. Thereafter, by letter dated November 20, 2009, petitioner's counsel requested that respondent "reconsider your decision not to investigate." Respondent then informed petitioner in a December 10, 2009 letter that, having again reviewed his file, it was unable to investigate the complaint "as stated in our previous letter."

Here, respondent's determination became final and binding

on September 4, 2009 when respondent informed petitioner that it was refusing to act and discontinuing its investigation (*see Matter of Moskowitz v New York City Police Pension Fund*, 82 AD3d 473, 473 [2011]). Contrary to petitioner's contention, the December 2009 correspondence from respondent denying petitioner's request for reconsideration did not extend or toll the applicable limitations period, regardless of any language indicating that the matter was reviewed in the context of determining the reconsideration request (*see id.*; *Goonewardena v Hunter Coll.*, 40 AD3d 443, 443-444 [2007]). Accordingly, because this proceeding was commenced in April 2010, more than four months after the September 2009 determination, Supreme Court properly found it untimely.

Given the above conclusion, it is unnecessary to address Supreme Court's alternative conclusions regarding the merits.

Spain, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.