■ Thomas R. Purcell, Appellant, v City of New York, Respondent. [973 NYS2d 167]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about March 7, 2013, which granted defendant's motion to dismiss the action, pursuant to CPLR 3211 (a) (7), and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff, a former New York County Deputy Public Administrator, seeks compensation for unused annual and sick leave time. By letter, dated November 1, 2010, after plaintiff's retirement, the Office of the Public Administrator determined that plaintiff was not owed any compensation for unused leave and that, in fact, his final leave balance was negative. Plaintiff challenged this determination in a CPLR article 78 proceeding, resulting in an order (Sup Ct, NY County [Saliann Scarpulla, J.], entered December 14, 2011) that remanded the matter for issuance of a revised determination based upon correct information.

On March 6, 2012, the Office of the Public Administrator issued a revised determination, asserting that its earlier calculation as to plaintiff's annual leave balance was correct. Approximately six months later, plaintiff commenced this action alleging, inter alia, a cause of action for breach of contract arising out of defendant's failure to compensate him for the value of his unused annual and sick leave time.

The instant action, although framed as one for breach of contract, is actually a challenge to the Office of the Public Administrator's administrative determination that, based upon its calculations, plaintiff was not entitled to compensation for unused sick and annual leave. The appropriate vehicle for such a challenge is an article 78 proceeding, which is barred by the

four-month statute of limitations (*see* CPLR 217 [1]; *Todras v City of New York*, 11 AD3d 383, 384 [1st Dept 2004]). While plaintiff accurately states that a party seeking damages arising from a breach of contract against a public official or governmental body may pursue an action at law (*see Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498 [2d Dept 2000]), he has failed to establish the existence of such a contract here. Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.