■ In the Matter of Robert Raggi, M.D., J.D., M.B.A., et al., Appellants, v Wyckoff Heights Medical Center, Respondent. [999 NYS2d 174]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the reinstatement of the clinical privileges of the petitioners/plaintiffs at Wyckoff Heights Medical Center, and action, among other things, to recover damages for breach of contract and in quantum meruit, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Pfau, J.), dated January 28, 2013, which granted the respondent/defendant's motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, which was set forth as the first cause of action, dismissed the proceeding, and severed the proceeding from the remaining causes of action.

Ordered that the order and judgment is affirmed, with costs.

Robert Raggi, a physician, and Robert Raggi, M.D., P.C., the professional corporation through which Raggi provides medical care to his patients (hereinafter together the petitioners), commenced this hybrid proceeding and action against Wyckoff Heights Medical Center (hereinafter the hospital), after the hospital placed Raggi on a mandatory, involuntary 90-day leave of absence. During that period, he was barred from the hospital's premises, and consequently could not exercise his clinical privileges at the hospital. Raggi's employment with the hospital was subsequently terminated, and he has not exercised his clinical rights at the hospital since being placed on leave. The petitioners argue that the hospital breached its bylaws when it barred Raggi from entering the hospital and denied him access to the hospital facilities. Specifically, the petitioners claim that, since the hospital took adverse action with respect to Raggi's clinical privileges, the hospital was required to provide the petitioners with a grievance procedure in accordance with its bylaws. The petitioners seek the reinstatement of Raggi's right to exercise his hospital privileges, as well as damages for breach of contract and in quantum meruit. The Supreme Court dismissed the proceeding, holding that the petitioners were required to file an administrative complaint with the New York State Public Health and Health Planning Council (hereinafter the PHHPC) and exhaust their administrative remedies before seeking redress in the courts. The petitioners appeal, and we affirm.

Inasmuch as the petitioners are essentially seeking the reinstatement of Raggi's medical staff privileges, they were required to file an administrative complaint with the PHHPC, and await the administrative disposition of that complaint before seeking redress in the courts (see Gelbard v Genesee Hosp., 87 NY2d 691, 697 [1996]; cf. Matter of Sandhu v Mercy Med. Ctr., 35

AD3d 479, 481 [2006]). We reject the petitioners' contention that review by the PHHPC was not necessary because Raggi's clinical privileges had not been terminated. Although Raggi's clinical privileges were not terminated in a technical sense, the hospital's directive barring him from its facilities "diminish[ed]" his clinical privileges within the meaning of the statute by rendering those privileges meaningless (Public Health Law § 2801-b [1]). Accordingly, the Supreme Court properly granted the hospital's motion and dismissed the proceeding on the ground that the petitioners failed to exhaust their administrative remedies. Balkin, J.P., Hall, Austin and Barros, JJ., concur.