■ In the Matter of ETNA PRESTIGE TECHNOLOGY, INC., Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent. [50 NYS3d 96]—

Appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated October 20, 2014. The order and judgment, insofar as appealed from, in effect, denied the petition filed pursuant to CPLR article 78 and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, the proceeding is converted into an action to recover damages for breach of contract, the notice of petition is deemed to be the summons and the petition is

deemed to be the complaint (*see* CPLR 103 [c]), and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the complaint.

In 2012, the petitioner entered into a contract with the respondent, Long Island Railroad Company (hereinafter the LIRR), for the performance of certain work at the LIRR facilities. Pursuant to the terms of that contract, if the LIRR reduces the scope of the work to be performed, it "shall" make an "equitable" modification of the contract requirements as to the manner and methods of work.

According to the petitioner, in 2013, the LIRR would not agree to the petitioner's request to reduce its staffing for this project or to modify the payment schedule even though the LIRR reduced the scope of the work to be performed and reduced monthly payments to the petitioner. The petitioner then commenced this proceeding against the LIRR pursuant to CPLR article 78, contending that the LIRR acted in an arbitrary and capricious manner in failing to honor the petitioner's request to modify the contractual staffing requirements or to modify the payment schedule. The LIRR moved to dismiss the petition for failure to state a cognizable claim for relief under CPLR article 78.

In an order and judgment (one paper) dated October 20, 2014, the Supreme Court determined that the petitioner was only seeking money damages for an alleged breach of contract, a remedy that is not available in a CPLR article 78 proceeding, and that there was no indication that the petitioner had exhausted all of its administrative remedies. Accordingly, the court, in effect, denied the petition and dismissed the proceeding, and denied the LIRR's motion as academic. The petitioner appeals.

The LIRR did not seek dismissal of the petition on the ground that the petitioner failed to exhaust its administrative remedies and, thus, the denial of the petition on that ground was not warranted (*see e.g. Matter of Consolidated Edison Co. of N.Y. v Public Serv. Commn.*, 98 AD2d 377, 381 [1983], *mod* 63 NY2d 424 [1984]; *Matter of Hilton v Dalsheim*, 81 AD2d 887, 888 [1981]).

The Supreme Court, however, correctly concluded that the relief sought by the petitioner is not available pursuant to CPLR article 78. The petitioner essentially alleged that the LIRR breached the contract by failing to comply with the terms of the contract, which provide, in pertinent part, that the LIRR "shall" make an adjustment to the contract terms, based on a reduction in the work to be performed. Under the circum-

stances, the petition fails to state a viable claim for relief under CPLR article 78; rather, the nature of this relief requires a plenary action sounding in contract (*see* CPLR 7803; *Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 8 [1997]; *Matter of Gooshaw v City of Ogdensburg*, 67 AD3d 1288, 1289-1290 [2009]; *Matter of Sandhu v Mercy Med. Ctr.*, 35 AD3d 479, 481 [2006]; *Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498, 499 [2000]; *see also Kerlikowske v City of Buffalo*, 305 AD2d 997 [2003]).

Nonetheless, a proceeding should not be dismissed "solely because it is not brought in the proper form" (CPLR 103 [c]), and the court has the power to convert a proceeding into the proper form (*see Matter of Greenberg v Assessor of Town of Scarsdale*, 121 AD3d 986, 990 [2014]; *Matter of Agoglia v Benepe*, 84 AD3d 1072, 1077-1078 [2011]; *Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d at 500). Accordingly, the Supreme Court should have converted the proceeding into an action to recover damages for breach of contract and deemed the notice of petition to be the summons and the petition to be the complaint. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.