Wildwood Company, LP, Petitioner-Appellant,
against
Vittoria De Bruin a/ka/ Victoria S. De Bruin a/k/a Victoria De Bruin, Respondent-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Petitioner appeals from an order of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), dated September 20, 2016, which granted respondent's motion for summary judgment dismissing the petition in a holdover summary proceeding, and denied petitioner's cross motion for leave to conduct discovery.




Per Curiam.
Order (Sabrina B. Kraus, J.), dated September 20, 2016, affirmed, with $10 costs.
We agree with Civil Court that respondent De Bruin made a prima facie showing of entitlement to judgment as a matter of law on her claim that she is entitled to succession rights to the subject rent controlled apartment premises previously occupied by the tenant of record, respondent's mother (see 354 E. 66th St. Realty Corp. v Curry, 26 Misc 3d 130[A], 2010 NY Slip Op 50025[U][App Term, 1st Dept 2010]; Sutton Place Mgt. Co. v Rainey, 19 Misc 3d 133[A], 2008 NY Slip Op 50666[U] [App Term, 1st Dept 2008]; Melohn v Franklin, 2002 NY Slip Op 50328[U] [App Term, 1st Dept 2002]). Respondent's evidentiary submission conclusively demonstrated that she continuously resided in the apartment with her mother for roughly 5 years prior to her mother's death in 2015, and petitioner had actual notice of respondent's co-occupancy since at least 2013. 
In opposition to respondent's prima facie showing, petitioner failed to raise a triable issue of fact. Petitioner did not dispute the mother-daughter relationship between respondent and the deceased tenant, and offered nothing concrete or reliable to dispute respondent's compelling factual showing that she resided with her mother in the subject apartment for the requisite period [*2]prior to her mother's death. Petitioner relied solely on an affirmation of an attorney, who had no personal knowledge of the facts (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). To the extent that petitioner asserts that summary judgment was premature as further discovery was warranted, Civil Court properly noted that "petitioner had an ample opportunity to move for additional discovery in the one year that [this summary] proceeding was pending and failed to do so" and "provided no explanation for" such failure (see Meath v Mishrick, 68 NY2d 992, 994 [1986]; Moukarzel v Montefiore Med. Ctr., 235 AD2d 239, 240 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2018