Matter of Thomas v New York City Employees' Retirement Sys. (2020 NY Slip Op 03016)





Matter of Thomas v New York City Employees' Retirement Sys.


2020 NY Slip Op 03016


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-12714
 (Index No. 3359/17)

[*1]In the Matter of Bettye Thomas, appellant,
v
New York City Employees' Retirement System, et al., respondents-respondents, et al., respondent.


Stuart Salles, New York, NY (Gail M. Blasie of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Kathy C. Park of counsel, for respondents-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the respondent New York City Employees' Retirement System to pay a certain death benefit to the petitioner, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Katherine A. Levine, J.), dated August 3, 2018. The order and judgment, in effect, granted the motion of the respondents New York City Employees' Retirement System and Board of Trustees of the New York City Employees' Retirement System, and the separate motion of the respondent Betsy Stickney, to dismiss the petition as time-barred, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
Nonparty Shelda Evans (hereinafter the decedent) began her membership in the New York City Employees' Retirement System (hereinafter NYCERS) in 1972 and retired in March 2016. In November 2016, NYCERS received two separate notarized retirement option election forms from the decedent. One form, which was received by NYCERS on November 21, 2016, designated the petitioner as the beneficiary of the decedent's death benefit, and the other form, which was received by NYCERS on November 25, 2016, designated Betsy Stickney and Leslie Evans as the beneficiaries of the decedent's death benefit. The decedent died on December 16, 2016.
On March 1, 2017, the petitioner appeared in person at the NYCERS customer service center and filled out a request for information form seeking the identity of the decedent's death benefit beneficiary. On the form, the petitioner provided an address in the Bronx. NYCERS then mailed a letter dated March 22, 2017, to the Bronx address informing the petitioner that Stickney and Evans were the beneficiaries of the decedent's death benefit. On March 27, 2017, the petitioner returned to the customer service center and submitted a letter, inter alia, demanding that NYCERS halt the distribution of any monies to Stickney or Evans. The letter did not list an address for the petitioner, but was submitted along with a copy of the petitioner's New York State Identification Card that listed an address in Harlem. Thereafter, NYCERS sent a letter dated March 30, 2017, to that Harlem address, stating that the death benefit would be paid to Stickney and Evans because the last notarized retirement option election form that NYCERS received designated them as the beneficiaries of the decedent's death benefit.
In December 2017, the petitioner commenced this proceeding pursuant to CPLR [*2]article 78, in effect, in the nature of mandamus to compel NYCERS to pay the decedent's death benefit to her. NYCERS and Stickney separately moved to dismiss the petition as time-barred. In an order and judgment dated August 3, 2018, the Supreme Court, in effect, granted those motions, denied the petition, and dismissed the proceeding, on the basis that the letter dated March 30, 2017, was a final determination which was mailed to the address provided by the petitioner. The petitioner appeals.
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel, the four-month statute of limitations begins to run "after the respondent's refusal, upon the demand of the petitioner . . . to perform its duty" (CPLR 217[1]; see Matter of Gopaul v New York City Employees' Retirement Sys., 122 AD3d 848, 849). In this case, the letter dated March 30, 2017, was an unequivocal refusal to comply with the petitioner's demand, which constituted a final determination by NYCERS (see Matter of Pettus v New York State Ins. Dept., 93 AD3d 1067, 1067-1068; Matter of Moskowitz v New York City Police Pension Fund, 82 AD3d 473). That letter was mailed to the address indicated on the New York State Identification Card that the petitioner provided as proof of her identification at the time of her demand, which NYCERS had every right to rely upon as the petitioner's correct address (see Burke v Zorba Diner, 213 AD2d 577). Further, NYCERS did not receive any notice that the letter dated March 30, 2017, was returned as undeliverable (compare id., with Matter of Norgrove v Board of Educ. of City School Dist. of City of N.Y., 23 Misc 3d 684, 687 [Sup Ct, NY County]). Thus, the statute of limitations began to run on or about March 30, 2017 (see Ruskin Assoc., LLC v State of N.Y. Div. of Hous. & Community Renewal, 77 AD3d 401, 403).
Accordingly, we agree with the Supreme Court's determination granting the separate motions of NYCERS and Stickney to dismiss the petition as untimely, denying the petition, and dismissing the proceeding. In light of our determination, we need not reach the petitioner's remaining contention.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court