Resurgence Asset Mgt., LLC v Gidumal (2022 NY Slip Op 00385)





Resurgence Asset Mgt., LLC v Gidumal


2022 NY Slip Op 00385


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 651737/12 Appeal No. 15131 Case No. 2021-00916 

[*1]Resurgence Asset Management, LLC, Plaintiff-Respondent, Resurgence GP III, L.L.C., et al., Plaintiffs,
v
Steve Gidumal, Defendant-Appellant.


O'Brien LLP, New York (Sean O'Brien of counsel), for appellant.
Pollack Solomon Duffy LLP, New York (Barry S. Pollack of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about January 14, 2021, which granted plaintiff Resurgence Asset Management, LLC's (RAM) motion for summary judgment dismissing defendant's counterclaim for breach of contract and denied defendant's cross motion to compel discovery, unanimously modified, on the law, to deny RAM's motion for summary judgment, and otherwise affirmed, without costs.
The parties entered into an agreement dated September 28, 2008, terminating defendant's employment with RAM. The agreement provided that defendant would receive a share of profits for two years, from August 2008 through July 2010, and that full year unaudited financial statements for 2009 and 2010 would be "conclusive" in determining the profits and amount of monies, if any, payable to defendant. Defendant's counterclaim alleges that, in order to deprive him of any profit sharing, RAM reduced reported profits in the relevant financial statements by manipulating and inflating categories of "indirect expenses," such as legal, accounting, and secretarial expenses.
In support of its motion for summary judgment, RAM submitted copies of the agreement and its unaudited financial statements for 2007 to 2010. RAM also submitted the affidavit of the current CFO of its affiliate, plaintiff M.D. Sass Investors Services, Inc. The CFO asserted that, in order to have a right to any profit sharing, defendant would have to prove that over $850,000 of RAM's claimed indirect expenses were not allowable.
Plaintiff's submissions on its motion for summary judgment failed to show that defendant's counterclaim has no merit. Notably, the CFO's brief affidavit does nothing to dispel defendant's claim, plain on the face of his pleading, that RAM improperly shifted over $1.6 million in indirect expenses in the year ending July 31, 2009, and some $1.2 million in the year ending July 31, 2010. These sums far exceed the $850,000 in expenses that the CFO asserted defendant would have to disallow in order to be entitled to a share of profits. RAM's failure to make its prima facie showing requires denial of its motion, without regard to the sufficiency of defendant's opposition papers (see Alvarez v Prospect Hosp. , 68 NY2d 320, 324 [1986]).
Given the lengthy history of this action and the discovery already had, the motion court properly exercised its discretion in declining to compel further discovery (see 
Moukarzel v Montefiore Med. Ctr. , 235 AD2d 239, 240 [1st Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022