Khass v New York Presbyt. Brooklyn Methodist Hosp. (2023 NY Slip Op 00851)

Khass v New York Presbyt. Brooklyn Methodist Hosp.

2023 NY Slip Op 00851

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-02659
2020-04879
 (Index No. 516861/19)

[*1]Walid Khass, etc., respondent, 
v
New York Presbyterian Brooklyn Methodist Hospital, appellant, et al., defendants.

Nixon Peabody LLP, Jericho, NY (Christopher J. Porzio, Erik A. Goergen, and Daniel C. Gibbons of counsel), for appellant.
Victor M. Brown, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of an employment agreement and to recover damages for breach of contract, the defendant New York Presbyterian Brooklyn Methodist Hospital appeals from (1) an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 13, 2020, and (2) an order and judgment (one paper) of the same court dated June 23, 2020. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was for a preliminary injunction against the defendant New York Presbyterian Brooklyn Methodist Hospital to the extent of converting that branch of the motion and the action into a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the defendant New York Presbyterian Brooklyn Methodist Hospital to admit the plaintiff into its pediatric residency program, and, thereupon, granted that branch of the petition which was to compel the defendant New York Presbyterian Brooklyn Methodist Hospital to admit the plaintiff into its pediatric residency program. The order and judgment granted the same relief and directed the defendant New York Presbyterian Brooklyn Methodist Hospital to admit the plaintiff into its pediatric residency program.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is reversed, on the law, that branch of the plaintiff's motion which was for a preliminary injunction against the defendant New York Presbyterian Brooklyn Methodist Hospital is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant New York Presbyterian Brooklyn Methodist Hospital.
Prior to graduating from the defendant Saint George's University School of Medicine (hereinafter the university), the plaintiff applied to and was accepted into the pediatric residency program at the defendant New York Presbyterian Brooklyn Methodist Hospital (hereinafter the [*2]hospital). The plaintiff applied to this program through the National Resident Matching Program (hereinafter the NRMP), a nationwide program that matches applicants to medical residency programs. In accordance with a match participation agreement, applicants and medical residency programs agree to be bound to the NRMP match, and only the NRMP may waive the match commitment.
In April 2019, the hospital requested a waiver of the match commitment to the plaintiff from the NRMP on the basis that, following the hospital's ranking of the plaintiff and the subsequent match with him, it learned that he had made social media posts that were, among other things, anti-Semitic, and that he had been subject to disciplinary action and placed on a leave of absence or suspended from the university for a period of three months. The NRMP denied the waiver request. The hospital requested reconsideration of the NRMP's determination, and the NRMP upheld its determination to deny the waiver request. Despite not receiving a waiver from the NRMP, the hospital refused to admit the plaintiff into its pediatric residency program.
Thereafter, the plaintiff commenced this action against, among others, the hospital and the university, inter alia, for specific performance of the match participation agreement and to recover damages for breach of contract. Before issue was joined, the plaintiff moved for a preliminary injunction, seeking certain injunctive relief against the university and to enjoin the hospital from denying him admission into its pediatric residency program. The hospital and the university separately opposed the motion. The hospital argued, inter alia, that the Supreme Court lacked subject matter jurisdiction over the causes of action asserted against the hospital because the plaintiff failed to exhaust his administrative remedies under Public Health Law article 28. The hospital did not cross-move for relief on this ground. In an order dated February 13, 2020, the court rejected the hospital's argument and determined that a preliminary injunction was an inappropriate remedy since a preliminary injunction is designed to safeguard rights asserted by a plaintiff in an ongoing action, not to determine the ultimate rights of the parties. Nonetheless, the court, in effect, granted that branch of the plaintiff's motion which was for a preliminary injunction against the hospital to the extent of converting that branch of the motion and the action into a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the hospital to admit the plaintiff into its pediatric residency program, granted that branch of the petition, and denied the relief sought against the university. In an order and judgment dated June 23, 2020, the court granted the same relief and directed the hospital to admit the plaintiff into its pediatric residency program. The hospital appeals from the order and the order and judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Invoking CPLR 103(c), the Supreme Court erroneously converted the subject branch of the plaintiff's motion and this action into a proceeding pursuant to CPLR article 78. Under CPLR 103(c), courts are empowered to convert a civil judicial proceeding that was brought in the improper form to the proper form and convert a motion into a special proceeding. Here, the court erred in concluding that a proceeding pursuant to CPLR article 78 was the proper form. "[A] CPLR article 78 proceeding is not the proper vehicle to resolve contractual rights" (Matter of Hertz v Rozzi, 148 AD2d 535, 536, affd 74 NY2d 702; see Matter of Williams v Town of Carmel, 175 AD3d 550, 550-551; Matter of Etna Prestige Tech., Inc. v Long Is. R.R. Co., 148 AD3d 885, 886-887). "Indeed, it is well settled that mandamus relief lies only to compel the performance of purely ministerial acts, and may not be used when there are other available remedies at law, such as a breach of contract action" (Matter of Steve's Star Serv. v County of Rockland, 278 AD2d 498, 500; see Kerlikowske v City of Buffalo, 305 AD2d 997, 997).
The plaintiff alleges that the hospital breached the match participation agreement by failing to comply with the terms of that agreement. Since the language of the amended complaint asserted violations of the plaintiff's rights under a contract, the appropriate remedy is an action [*3]alleging breach of contract, not a proceeding pursuant to CPLR article 78 (see Matter of Sandhu v Mercy Med. Ctr., 35 AD3d 479, 481; see also Matter of Etna Prestige Tech., Inc. v Long Is. R.R. Co., 148 AD3d at 886-887; Matter of Steve's Star Serv. v County of Rockland, 278 AD2d at 500). Accordingly, the Supreme Court should not have converted the subject branch of the motion and this action into a proceeding pursuant to CPLR article 78.
Further, the Supreme Court should not have rejected the hospital's argument that the branch of the plaintiff's motion which was for preliminary injunctive relief against it should be denied because the plaintiff failed to exhaust his administrative remedies under Public Health Law article 28. Public Health Law § 2801-b(1) makes it an "improper practice" for a hospital to deny, withhold, or terminate professional privileges for a reason unrelated to "patient care, patient welfare, the objectives of the institution or the character or competency of the applicant." "To enforce the statutory prohibition against improper practices, the Legislature created a two-step grievance process by which a physician may obtain injunctive relief requiring the hospital to restore wrongfully terminated staff privileges" (Gelbard v Genesee Hosp., 87 NY2d 691, 696; see Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48 NY2d 583, 588). "First, the physician must submit a complaint to the [public health and health planning council (hereinafter PHHPC)]" (Gelbard v Genesee Hosp., 87 NY2d at 696; see Public Health Law §§ 220, 2801[6]). "It is the duty of the [PHHPC] to undertake a prompt investigation of the action complained of and to allow the parties to the dispute to submit, in a strictly confidential setting, any relevant information in support of their respective positions" (Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48 NY2d at 588; see Public Health Law § 2801-b[3]; Indemini v Beth Israel Med. Ctr., 4 NY3d 63, 68). "After investigating the physician's complaint, the [PHHPC] will either direct the hospital to reconsider its decision or inform the parties of its determination that the complaint lacks merit" (Gelbard v Genesee Hosp., 87 NY2d at 696; see Public Health Law § 2801-b[3]).
"Only upon completion of the [PHHPC] review may the physician proceed to the second step, which is to commence an action under section 2801-c to enjoin the hospital from improperly denying or terminating staff privileges" (Gelbard v Genesee Hosp., 87 NY2d at 696; see Matter of Cohoes Mem. Hosp. v Department of Health of State of N.Y., 48 NY2d at 588; Guibor v Manhattan Eye, Ear & Throat Hosp., 46 NY2d 736, 738). "The requirement of threshold [PHHPC] review serves the dual purpose of allowing an expert body to initially review the physician's complaint and of promoting prelitigation resolution. . . . [I]n view of the statutory scheme and principles of exhaustion of administrative remedies, . . . the statute [mandates] threshold [PHHPC] review in all cases in which a physician seeks injunctive relief to compel the restoration of staff privileges" (Gelbard v Genesee Hosp., 87 NY2d at 696 [citation omitted]; see Indemini v Beth Israel Med. Ctr., 4 NY3d 63; Guibor v Manhattan Eye, Ear & Throat Hosp., 46 NY2d 736). "Even though plaintiff in this case asserts a claim for breach of contract, the fact that he seeks injunctive relief to restore his staff privileges places him squarely within the intended scope of the statute" (Gelbard v Genesee Hosp., 87 NY2d at 697).
The plaintiff contends that Public Health Law § 2801-b does not apply because he was a resident who had not yet begun his employment with the hospital when he commenced this action. "A medical resident is undoubtedly a physician" (Indemini v Beth Israel Med. Ctr., 4 NY3d at 67). Further, by its terms, section 2801-b applies to the plaintiff because he is a "physician" whose "professional privileges" have been denied or withheld from the hospital (Public Health Law § 2801-b[1]; see Indemini v Beth Israel Med. Ctr., 4 NY3d at 67). The gravamen of the amended complaint is that the plaintiff entered into a binding agreement with the hospital, which then denied him admittance to the pediatric residency program. "[A] medical resident's 'proper recourse for challenging termination [or denial] from a hospital residency program is the grievance process set out in Public Health Law § 2801-b, which cannot be avoided simply by asserting a breach of contract claim'" (Indemini v Beth Israel Med. Ctr., 4 NY3d at 68-69, quoting Solomon v Beth Israel Med. Ctr., 248 AD2d 118 [alterations and internal quotation marks omitted]; see Schaefer v Brookdale Univ. Hosp. & Med. Ctr., 66 AD3d 985; Matter of Ireh v Nassau Univ. Med. Ctr., 33 AD3d 702, 703; see also Matter of Meyer v Forest Hills Hosp., 112 AD3d 830). Inasmuch as the plaintiff seeks reinstatement of his professional privileges, that is, his admission to the pediatric residency program, he was "required to file an administrative complaint with the PHHPC, and await the administrative [*4]disposition of that complaint before seeking redress in the courts" (Matter Raggi v Wyckoff Hgts. Med. Ctr., 123 AD3d 1044, 1045).
Accordingly, the Supreme Court should not have granted the ultimate relief sought against the hospital and should have denied that branch of the plaintiff's motion which was for a preliminary injunction enjoining the hospital from denying him admission into its pediatric residency program.
In light of our determination, we do not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court